**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEON DESAUTEL,
          Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
SF-0752-14-0058-I-1

DATE: February 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Felippe Moncarz, Esquire, Boise, Idaho, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as an agency electrician. Initial Appeal File (IAF), Tab 7 at 19. The agency removed the appellant in September 2012, and the appellant filed a Board appeal. *DeSautel v. Department of the Interior*, Docket No. SF-0752-13-0034-I-1. The parties settled that appeal and entered into a Last Chance Agreement (LCA) as part of the settlement, which specified that the appellant could be removed if he committed any misconduct that would merit disciplinary action at the level of a suspension or higher. IAF, Tab 7 at 31-33, 75-77. Subsequently, the agency charged the appellant with violation of the LCA based upon 9 specifications of Failure to Follow Supervisory Instructions. *Id*. at 25-30. The agency then removed the appellant. *Id*. at 19-22.

¶3 The appellant appealed his removal, claiming that he did not violate the LCA but that the agency violated its "spirit and intent." IAF, Tab 1. After providing the parties an opportunity to respond to the issue of jurisdiction, IAF, Tab 2, and conducting a jurisdictional hearing, Hearing Compact Disc (HCD), the

administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 24, Initial Decision (ID).

¶4 The appellant petitions for review, arguing that the agency's time and attendance records contradict a finding that he failed to follow supervisory instructions concerning requesting leave and that an adverse action cannot be based on an employee's approved use of leave. Petition for Review (PFR) File, Tab 5 at 1-2. He also generally disagrees with the initial decision and, in particular, disagrees with both the administrative judge's lack of consideration of the fact that he had informed a foreman about his absence and her failure to mention the testimony of a particular witness in the initial decision. *Id*. at 2, 4. Finally, the appellant raises certain issues concerning discovery and the development of the record. *Id*. at 3-4. The agency has responded in opposition. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 We first address the appellant's arguments concerning certain discovery and evidentiary matters. He alleges that the administrative judge erred by failing to require the agency to respond to requests for admission and by denying his motion for incorporation of the record of his prior Board appeal into the current record. PFR File, Tab 5 at 3-4. The administrative judge, however, ultimately granted the appellant's motion to compel as it related to the requests for admission, IAF, Tab 14 at 1, the agency responded to the requests for admission, and the appellant included those agency responses in his prehearing submission, IAF, Tab 17, Exhibit A. In addition, the administrative judge denied the appellant's motion to incorporate into the current record the record of his prior Board appeal, which the appellant raised for the first time at the start of the hearing. HCD. The agency objected to the motion, asserting that the record in the prior appeal was not relevant to the issues in this case and that the record in this case had, in any event, already closed. *Id*. We find that these actions did not

constitute an abuse of discretion and therefore we do not disturb the administrative judge's discovery and evidentiary rulings. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); 5 C.F.R. § 1201.58(c).

The administrative judge properly found that the appellant breached the LCA.

¶6      Next, we find that the administrative judge correctly found that the appellant breached the LCA. ID at 10-12. The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board. *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007). To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show one of the following: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id*.

¶7      The LCA provides that "any misconduct of any type that would merit disciplinary action at the level of a suspension or higher, consistent with the penalty imposed on others . . . for similar misconduct" would constitute a violation. IAF, Tab 7 at 31. The appellant was removed based upon 9 specifications of Failure to Follow Supervisory Instructions. *Id*. at 20-22, 25-30. All of the specifications relate to attendance and leave. *Id*. at 25-30.

¶8      The Board has held that an agency establishes the charge of failure to follow supervisory instructions by showing that proper instructions were given to an employee and that the employee failed to follow them. *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 556 (1996). The appellant's supervisor credibly testified that she informed the appellant through a New Employee Packet and in person multiple times that, if he were going to be late or needed to request leave, he was required to contact her first. HCD; *see* IAF, Tab 7 at 35-36. She further testified that she authored all the counseling and incident reports relating to the appellant's attendance and leave violations. HCD; *see* IAF, Tab 7 at 51, 53-54, 56-63, 68, 70-72. The administrative judge found this testimony more credible

than the appellant's statement that he was not tardy or absent or that he did not know the proper policy for requesting leave. ID at 11-12; *see* IAF, Tab 6 at 5. The administrative judge properly considered the factors under *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), in making these credibility findings, and we discern no basis to disturb these well-reasoned findings on review. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980).

¶9     We next consider whether the appellant's failure to follow supervisory instructions would merit disciplinary action at the level of a suspension or higher. We note that the charge of failure to follow supervisory instructions merits a penalty of a written reprimand to a 14-day suspension for a first offense and a 14- to 30-day suspension for a second offense under the agency's Table of Offenses and Penalties. IAF, Tab 18 at 21. The deciding official testified that he considered the appellant's misconduct to be a second offense (presumably considering the misconduct underlying the LCA to be a first offense).[2] HCD. However, the administrative judge found that, considering that the appellant was charged with 9 instances of the same misconduct, his misconduct would merit discipline at the level of a suspension, even if it were considered a first offense. ID at 12. We agree with the administrative judge that the appellant's misconduct merited discipline at the level of a suspension and therefore find that the appellant violated the LCA.

¶10    In making this finding, we have considered the appellant's argument that his time and attendance records showed that he was on approved leave for all of the dates in question and that the agency's time and attendance records were unclear. PFR File, Tab 5 at 1-4. As the appellant correctly notes, the Board has held that an agency generally may not discipline an employee for absences or tardiness when the agency has approved the employee's leave. *Smisson v. Department of the Air Force*, 85 M.S.P.R. 427, ¶ 4 (2000); *see Hollingsworth v.*

---

[2] The settlement agreement resolving the appellant's first removal appeal provided that the agency would replace the removal with a suspension. IAF, Tab 7 at 76.

*Department of the Air Force*, 121 M.S.P.R. 397, ¶ 5 (2014). However, the appellant's removal was not based upon leave and attendance violations; instead, it was based upon his failure to follow supervisory instructions related to time and attendance procedures. IAF, Tab 7 at 20-22. The Board has held that a charge such as failing to properly request leave can be maintained by an agency, even if the agency approves the leave request. *Wilkinson v. Department of the Air Force*, 68 M.S.P.R. 4, 7 (1995). Accordingly, regardless of whether the appellant's leave was approved, we find that the agency appropriately disciplined him based upon his failure to comply with his supervisor's instructions.[3]

¶11    Likewise, we find that the fact that the appellant may have informed a foreman of his absence does not provide a basis for disturbing the administrative judge's findings. PFR File, Tab 5 at 4. The appellant's supervisor testified that employees were required to contact her if they were going to be late or if they needed to have leave approved. HCD. Furthermore, the administrative judge found that there was no evidence to support the appellant's allegation that it was the agency's practice to allow employees to request leave by informing a foreman if a supervisor were unavailable. ID at 12. This finding is supported by the record. Therefore, the appellant's challenge to the administrative judge's finding constitutes mere disagreement with the initial decision and provides no basis for reweighing the evidence or substituting our assessment of the record evidence for that of the administrative judge. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶12    Additionally, we are unconvinced by the appellant's argument that the administrative judge's denial of witness testimony impaired his ability to litigate whether he breached the LCA, PFR File, Tab 5 at 4, because the appellant has not explained how the testimony, if admitted, would have affected the outcome of the

[3] Because we find that the agency's discipline is not dependent upon whether the appellant's leave was eventually approved, we need not address his arguments concerning the ambiguity of the agency's time and attendance records.

7

case, *see Roth v. U.S. Postal Service*, 54 M.S.P.R. 290, 295-96 (1992). Based on the foregoing, we discern no reason for disturbing the administrative judge's finding that the appellant violated the LCA.

The administrative judge properly found that the appellant failed to show that the agency materially breached the LCA.

¶13    Next, we find that the agency did not materially breach the LCA or act in bad faith. In deciding whether the agency acted in "bad faith," we note that this term "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Adams v. U.S. Postal Service*, 72 M.S.P.R. 6, 11 (1996).

¶14    The administrative judge found that the appellant failed to meet his burden of showing that the agency breached the LCA or acted in bad faith, particularly considering that, although it could have enforced the LCA after the first instance of misconduct, there were 9 instances of failure to follow supervisory instructions prior to the appellant's removal. ID at 12-14. The appellant challenges this finding, stating that the administrative judge did not address certain testimony regarding the agency's motives. PFR File, Tab 5 at 4. However, an administrative judge's failure to mention in the initial decision all the record evidence does not mean that she did not consider it in reaching her decision. *Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 14 (2014). Accordingly, we agree with the administrative judge's well-reasoned finding that the appellant failed to show that the agency materially breached the LCA.

The administrative judge properly found that the waiver of appeal rights in the LCA was valid and enforceable.

¶15    Finally, we must determine whether the waiver of appeal rights can be enforced. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991). It is well settled that a waiver of a statutory right, such as the right to appeal an adverse action to the Board, must be clear, unequivocal, and decisive. *Jackson v. Department of Justice*, 96 M.S.P.R. 498, ¶ 11 (2004). The LCA provides that:

> I, [the appellant], of my own free will, voluntarily waive any and all procedural rights that I may have, if any, concerning preexisting, current, and future claims or appeals arising from operation of this Agreement. I, [the appellant], understand that my waiver of these procedural rights includes, but is not limited to, future rights to challenge any subsequent resignation or removal resulting from my violation of this Agreement.

IAF, Tab 7 at 32. The administrative judge found that the appellant had not shown that the agency committed any acts of coercion, deception, or duress that would make the settlement agreement or the LCA nonbinding.[4] ID at 14-15. On petition for review, the appellant does not argue that he did not voluntarily enter into the LCA or that the LCA resulted from fraud or mutual mistake. PFR File, Tab 5. We discern no basis for disturbing the administrative judge's finding that this language constituted a clear and unequivocal waiver of the appellant's right to appeal the removal. *See Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, 185-86 (2010). We therefore agree with the administrative judge that the Board lacks jurisdiction over this removal appeal.[5] *Id*.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[4] The initial decision states, "I find that the waiver of appeal rights is unenforceable." ID at 15. However, we find, based upon the context of the decision, which dismissed the appeal for lack of jurisdiction, that this statement contains a typographical error that nonetheless is harmless and provides no reason for reversal of the initial decision because it does not affect the appellant's substantive rights. *Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 12 n.1 (2009).

[5] The administrative judge properly found that, absent an otherwise appealable action, the Board does not have jurisdiction to address the appellant's claims of disability discrimination. ID at 10 n. 5. We therefore do not address these arguments. *See Walker v. Department of the Navy*, 40 M.S.P.R. 600, 604 (1989).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.